IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT M. BOUGHTON,

      Plaintiff,

v.                                                              No. 16cv202 JCH/KBM

MICHAEL KRISTEK and SUSAN KRISTEK,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***

      **THIS MATTER** comes before the Court on *pro se* Plaintiff Robert M. Boughton's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 17, 2016 ("Application"). For the reasons stated below, the Court will **DENY** Plaintiff's Application. Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee[1] for instituting a new case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee. Failure to timely pay the filing fee or show cause may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

      The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $50.00 administrative fee.

>if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). While the Court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the Court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by an amount greater than the filing fee. *See Brewer v. City of Overland Park Police Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]

The Court will deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff states that: (i) his average monthly income during the past 12 months is $4,347.43, with $4,250.00 of that amount from "Disability (such as social security, insurance payment);" (ii) his wife's average monthly income during the past 12 months is $875.00; (iii) his monthly expenses are $883.00; (iv) he has no cash and no money in his bank accounts; and (v) he has no assets. Plaintiff also states that his "Income amount expected next month" from "Disability" is $0.00, which appears to contradict his statement in his Complaint, Doc. 1 at 6, which suggests that he continues to receive "primary income derived from Social Security Disability Insurance ('SSDI') benefits." It appears, by his own accounting, that Plaintiff is presently able to pay the $400.00 fee for instituting a new case because his monthly Social

---

[2] At the time of the ruling in *Brewer*, the filing fee for the appeal was $100.00. *See* 28 U.S.C.A. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. *See* Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7, Brewer v. City of Overland Park Police Department, No. 01-3055 (10th Cir. May 11, 2001).

Security Disability income exceeds his monthly expenses by $3,367.00.

Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee for instituting a new case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.  Failure to timely pay the filing fee or show cause may result in dismissal of this case without prejudice.  The Court will not review the merits of Plaintiff's Complaint, Doc. 1, or his Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 4, until Plaintiff either pays the $400.00 fee or shows cause why this case should not be dismissed without prejudice for failure to pay the filing fee.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 17, 2016, is **DENIED.**   Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee case or show cause why this case should not be dismissed without prejudice for failure to pay the filing fee.

_____
**UNITED STATES DISTRICT JUDGE**